FILED - GR
April 16, 2008 10:36 AM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:____cr____/_____

1:08-cv-356
Robert Holmes Bell
Chief U.S. District Judge

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

File No. 1:07-CR-55

v.

HON. ROBERT HOLMES BELL

SUKHDEEP "SAM" SINGH,

Defendant.
_____/

### MEMORANDUM OPINION AND ORDER

Defendant Sukhdeep Singh is serving a sentence of fifteen months on one count of wire fraud, 18 U.S.C. § 1343. The Court sentenced Defendant on August 27, 2007. On February 14, 2008, the Sixth Circuit *sua sponte* dismissed Defendant's appeal as late. (Dkt. No. 40, 02/14/2008 Order.) On February 25, 2008, Defendant filed a motion for the return of property. (Dkt. No. 41, Def.'s Mot. for Return of Property.)

Under federal law, a person aggrieved by an allegedly unlawful seizure of property or by deprivation of property has two principal remedies. If a criminal case is pending, the aggrieved person may file a motion pursuant to Federal Rule of Criminal Procedure 41(g). After a person is convicted, however, the appropriate remedy is a civil action in equity. *United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000); *Stiger v. United States*, 100 F. App'x. 370, 372 (6th Cir. 2004). *See also United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000) (indicating that a Rule 41(g) motion filed after conviction is equitable in nature); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990) (same). If a defendant

files a Rule 41(g) motion after criminal proceedings against him have been completed, then the defendant's motion should be construed as an independent civil complaint seeking equitable relief. *Stiger*, 100 F. App'x at 372; *United States v. Simmons*, No. 1:04-CR-214, 2008 U.S. Dist. LEXIS 17548, at *2, 2008 WL 647655, at *1 (W.D. Mich. Mar. 7, 2008).

As Defendant's criminal proceeding has concluded, the Court must construe Defendant's motion as a civil complaint. The Clerk will be directed to establish a new civil case, which should be assigned to the undersigned as a related case under W.D. Mich. LCivR 3.3.1(d)(iii)(A)(1). Because Defendant is incarcerated, his newly filed civil action is subject to the provisions of the Prisoner Litigation Reform Act ("PLRA") of 1995, including the fee payment provisions of 28 U.S.C. § 1915. *Jones*, 215 F.3d at 469; *Stiger*, 100 F. App'x at 372.    Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for return of property (Dkt. No. 41) is hereby treated as a civil action in equity. The Clerk is directed to establish a new civil action captioned *Singh v. United States of America*, assigned to Chief District Judge Robert Holmes Bell. The Clerk is further directed to file Defendant's motion for return of property (Dkt. No. 41) and the Government's response (Dkt. No. 42) in the new civil action.

**IT IS FURTHER ORDERED** that the Clerk shall process the new civil action in accordance with the procedures applicable to civil cases brought by prisoners under the Prisoner Litigation Reform Act.

Date:  April 16, 2008  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE